9/15/2011



The Honorable Magistrate Judge Howard R. Lloyd
San Jose Courthouse
Courtroom 2 - 5th Floor
280 South 1st Street
San Jose, CA 95113

Reference:
Court Case: Hard Drive Productions, Inc. vs. DOES 1-84 (5:11-cv-03648-HRL)
Court Case: Hard Drive Productions, Inc. vs. DOES 1-84 (No. C11-03648 HRL)
Court: Northern District of California, San Jose Division
Identifying Information: AccountHolder Name, Address(es), Telephone Number

Your Honor,

I have just been notified that the IP Address I had leased from AT&T has been cited, along with 84 other IP Addresses, by the "wefightpriracy.com" lawyers in the latest mass subpoena request on behalf of various producers of pornography. This lawsuit specifically does not cite any specific copyrighted work ("Work"), only that DOES were monitored using the bit torrent protocol. This lawsuit is an example of harassment of internet subscribers without any evidence to corroborate that the owner of the IP Address was in fact at fault. Given the current track record of this law firm, there will be a demand of money from the owner of the IP Address, without any effort to ascertain the real infringer of their client's work, if this subpoena for identity disclosure is allowed through.

There are wide arrays of articles detailing how quickly a wireless router, secured with a password, can be broken and used freely. A quick Google search can also provide a large selection of applications that will do this task automatically, not requiring any technical skill. I, as well as 30 other wireless connections in my complex, have done due diligence in securing our connections, however, as stated prior, it is not enough to stop someone from using any connection. There is no consumer product available that cannot be hacked to allow for free use of any internet subscriber's connection. This does not take into consideration someone who is technically savvy, which bring MAC address spoofing, IP Address forgery, and proxy options into play. Mr. Steele's law firm must be aware of these limitation and vulnerabilities of consumer products, yet the mass subpoenas are still going out.

The "evidence" provided by the Mr. Steele only shows that a connection was made, by an IP address at a single time, supposedly using the bit torrent client from an internet subscriber's lease. It shows no effort to identify the infringer, but only to discover the identity of the internet subscriber and harass that person until his firm is paid. I have shared my connection with people staying at my house for an extended period of time, as well as neighbors who cannot afford internet service. Though secured from a random person who hasn't searched for "how to crack a wireless router" on any search engine, those I share with are using the connection all under the same IP Address. To date, it is not illegal to share an internet connection nor is there a legal obligation to police all devices on said network.

Your honor, I am pleading with you to consider the technical limitations of the consumer products as well as the interest of neighbors and friends to be able to share internet without having to draw up legal agreements and waivers before anyone is allowed to connect and share our internet and IP Address.  Even securing a wireless connection does not limit the internet subscriber's liability, as it may be simply broken in as little as 60 seconds. These types of lawsuits for the amount that equal a year's rent can set a dangerous precedent.  The owner of the

9/15/2011

IP Address should not be financially liable for all internet traffic that passes over the network. This puts an incomprehensible responsibility on the internet subscriber to police that IP address. If this happens, most likely the wireless consumer market would disappear overnight. This does not take into account M.A.C. address spoofing and IP Address forgery, which is only a few of the techniques used by any computer savvy person.

Mr. Steele's firm has been unsuccessful in other courts with these tactics. I hope that Your Honor takes a similar approach to protect us, hard working consumers, from being extorted by a wealthy law firm. His actions and subpoena show a complete lack of good faith standards, and show how the justice system is being abused for personal gain without any true justice. If that were not the case, Mr. Steele's firm would not be using such amateur logic of "an IP address equals a person" and attempt to export funds from said IP address leaser.

I, and I suspect many others cited in Mr. Steele's subpoenas around the country, assuredly cannot afford the time or expense of the process to set a precedent as to whether or not an IP Address equals a person. I do not believe, in many if not most cases, that the actual infringer's identity will become known to the court through Mr. Steele's filing, only the registered subscriber identity. The fact that Mr. Steele must put through this discovery is proof he doesn't know the identity of the user behind the IP Address. He is attempting to gain the identity of the subscriber to harass them for a settlement, and has no ability or interest (with the evidence provided) in discovering the actual identity of the individual who viewed his client's video. I can only assume, since his client is a producer of pornographic material, that the information requested in the subpoena will be used to "shame" or publicly defame the internet subscriber into settling.

I do not want my personal information disclosed to Mr. Steele, and oppose the motion referenced above. I wish to invoke a motion to quash this subpoena. I also request my internet provider, AT&T, withhold disclosure of my personal information as well. I pray that you and other honorable judges will hold Mr. Steel to a higher standard of "evidence" before intruding to pervasively into private citizen's lives.

Respectfully,
"John Doe"
IP: 76.192.161.32